COMMUNITY & JOHNSON CORP.,
Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission,
Defendants.

Civ. A. No. 766–57.

United States District Court
D. New Jersey.

Nov. 21, 1957.

George I. Marcus, Hackensack, N. J., Homer S. Carpenter, Washington, D. C., for plaintiff.

James E. Kilday, Bill G. Andrews, Attys. Dept. of Justice, Washington, D. C., Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., for defendant United States.

Robert W. Ginnane, Gen. Counsel, Arthur J. Cerra, Atty., Washington, D. C., for defendant Interstate Commerce Commission.

Before GOODRICH, Circuit Judge, and WILLIAM F. SMITH and WORTENDYKE, District Judges.

GOODRICH, Circuit Judge.

This is an action to set aside those parts of an Interstate Commerce Commission order which denied the petitioner's request for an extension of its operating authority. The case is before us under the authority of 28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325.

The plaintiff, Community & Johnson Corp. (hereafter called C. & J.) is engaged in the business of moving household goods from place to place. C. & J. derives its authority from its predecessors under the grandfather clause contained in the Motor Carrier Act when it was passed in 1935. 49 U.S.C.A. § 306 (a).

The situation out of which the litigation arose is shown by putting a simple case. C. & J. has a certain area in northern New Jersey and southern New York where it may operate at will so far as pickup and delivery of household goods are concerned. From this area it has authority to make long distance hauls as, for instance, from Newark, New Jersey, to Miami, Florida. If a return load can be secured it may take a load of goods from Miami, Florida, back to Newark, New Jersey, or some surrounding town. But it does not have permission to pick up goods in Atlanta on the return trip and deliver them to a consignee in Washington, D. C.

Up until 1952 C. & J. managed to run the business economically with regard to loads on return trips by arrangements with other independent haulers. C. & J.'s correspondent in Miami, for instance, would either turn locally procured business over to C. & J. or hire the C. & J. tractor-trailer for a return journey north. Gradually, however, the independent haulers were taken into one of the associations of truckers. As members of such an association they are not free to do the type of business with the plaintiff which they formerly did. Consequently, C. & J. says that it finds itself without sufficient return business to be able to conduct long distance operations profitably.

What it asked for, in the hearing before the Interstate Commerce Commission, was permission to enlarge its ability to take short-haul freight between intermediate points in an area from New England to Florida and West to the Mississippi River.[1] The case was heard first by an examiner for the Interstate Commerce Commission, then by Division 1 of that Commission and, finally, by a review before the whole Commission. Examiner, Division and full Commission each wrote an opinion discussing the plaintiff's problem and making findings of fact. The result of the litigation was that the plaintiff was given an enlarged authority to pick up and deliver at will through the states of Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Pennsylvania and Delaware; but it was denied authority to operate without restrictions in Ohio, Indiana, Illinois, Michigan, Wisconsin, Missouri, Kentucky, Tennessee, West Virginia, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Alabama and the District of Columbia. It will be noted that the plaintiff's nonrestrictive hauling was very considerably enlarged but not to the extent which it asked for. We are now asked to set aside the order of the Commission and grant this further authority to the plaintiff.

---

1. C. & J.'s request was originally presented in two different forms. The first was a petition to reopen the proceedings on the original grandfather certificate for modification of its authority. Concurrently C. & J. filed an application for a new certificate grounded on public con- venience and necessity to be issued pursuant to 49 U.S.C.A. § 307(a). The Commission issued an order dismissing the petition for rehearing and the subsequent proceedings were in regard to the application for the new certificate.

■ The scope of court review in these cases was stated by Mr. Justice Rutledge for the Supreme Court in United States v. Pierce Auto Freight Lines, Inc., 1946, 327 U.S. 515, 536, 66 S.Ct. 687, 698, 90 L.Ed. 821. The statement is clear and definite. Here it is:

"The function of the reviewing court is much more restricted. It is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law."

This continues to be the requirement. Capital Transit Co. v. United States, D.C.D.C.1951, 97 F.Supp. 614; Sinett v. United States, D.C.D.N.J.1955, 136 F. Supp. 37.

■ The situation of the plaintiff presents the case of an independent operator endeavoring to maintain his individuality amid combinations and alliances going on about him. Nevertheless, we do not think the plaintiff's case presents the possibility of court help. The Commission, in the various opinions which came out of these hearings, thoroughly discussed and evidently completely understood the situation in the household goods moving industry. It gave evidence of having in mind, not only the individual situation of this plaintiff, but the element of public convenience and necessity which required a look at the whole picture, not simply part of it. It reached a specific conclusion that the area in the south where the plaintiff wishes free operation is already satisfactorily served by others and that the public interest would not be furthered by allowing the plaintiff to compete for local business there.

■ The Commission did not arbitrarily deny all help to the plaintiff nor did it give him everything he asked. Instead, it exercised a discretionary judgment by authorizing free operation in some areas and restricted operation in others. This discrimination is the very kind of thing which administrative agencies are set up to do. Courts are not free to make a different choice if the agency has thoroughly considered a problem and come to a rational conclusion.

The plaintiff cites us to instances where the Commission has authorized unlimited nation-wide operation to its competitors. The fact that the Commission thought in one case that public convenience and necessity required one grant of authority in one area to a company does not mean that discretion has been thrown to the winds if the Commission grants a more limited authority in a different area to another party. We cannot say that the conclusion reached here was not within the discretion lodged by the statute in this body.

C. & J. asserts that the Commission failed to consider the factor of operational economy in passing upon its application. To support its contention that this is one of the elements of public convenience and necessity which previously has been taken into account by the Commission and the courts, C. & J. relies upon the decision in Aero Mayflower Transit Co. v. United States, D.C. D.Neb.1951, 95 F.Supp. 258. In that case the Commission had concluded that it was in the public interest for Security Storage to be authorized to haul household goods in a westward direction over certain states. Under those circumstances the district court held that the Commission then quite properly proceeded to consider the economies involved in back hauls in permitting authority to operate in an eastward direction. The distinction in the present case is that C. & J. has not in the first instance shown convenience and necessity for any

sort of operation in the area in which it was denied unrestricted service.

The plaintiff complains that certain findings which it requested were not passed upon by the Commission. But examination of the opinions both by the Division and the whole Commission shows that there were findings of fact made on those points which the Commission considered relevant to settling the controversy before it. This is all that the statute requires. Capital Transit Co. v. United States, D.C.D.C.1951, 97 F.Supp. 614, 621.

The order of the Commission will be affirmed.